**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS EDUARDO SANDOVAL-GARAY, | No. 17-70022 |
| Petitioner, | Agency No. A206-762-466 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022[**]
San Francisco, California

Before: W. FLETCHER and BUMATAY, Circuit Judges, and KANE,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvette Kane, United States District Judge for the
Middle District of Pennsylvania, sitting by designation.

Petitioner Carlos Eduardo Sandoval-Garay ("Sandoval"), a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In El Salvador, Sandoval was the head of security for a supermarket. On multiple occasions, gang members confronted him at his job and threatened to kill him if he did not join them and help them steal from the supermarket. On one occasion, gang members approached Sandoval at his home, threatened him with a firearm, and pushed him to the ground.

The IJ denied Sandoval's applications for asylum, withholding of removal, and protection under CAT. It found him only partially credible. Even assuming Sandoval was credible, the IJ found that his asylum claim was barred because he had not filed for asylum within one year of his arrival in the United States.

The IJ further found that, even if Sandoval had timely filed an application, his asylum application would fail on the merits. Among other things, the IJ found that Sandoval had not established that he would be persecuted by the government or by groups, such as gangs, that the government is unable or unwilling to control; that he experienced past persecution; that he had a well-founded fear of future persecution; or that he could not reasonably relocate in El Salvador. The IJ also

2

found that Sandoval had not established either that he belongs to a cognizable particular social group or that any future persecution would be on account of a protected ground.

The BIA dismissed Sandoval's appeal. Even though Sandoval had not challenged the IJ's dispositive time-bar finding on his asylum application, the BIA assumed that he was completely credible and that he had demonstrated an exception to the one-year bar. The BIA affirmed each of the IJ's findings on the merits of Sandoval's applications.

We have jurisdiction to review Sandoval's petition for review under 8 U.S.C. § 1252(a)(1). We review agency factual findings for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

Jurisdiction in Sandoval's case properly vested in the Immigration Judge. Even though Sandoval received a Notice to Appear that was missing time, date, and location information about his hearing, he received a subsequent Notice of Hearing that supplied the necessary information. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1158–59 (9th Cir. 2019).

In his petition for review, Sandoval challenges only the BIA's rulings on his applications for withholding of removal and for protection under CAT.

"To secure withholding of removal, a petitioner must demonstrate that his 'life . . . would be threatened in [his country of origin] because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (second alteration in original) (quoting 8 U.S.C. § 1231(b)(3)(A)). A petitioner must show that "either 'the government or . . . persons or organizations which the government is unable or unwilling to control' are responsible for [his] persecution." *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (quoting *Hernandez-Montiel v. INS*, 225 F.3d 1084, 1097 (9th Cir. 2000), *abrogated on other grounds by Thomas v. Gonzales*, 409 F.3d 1177 (9th Cir. 2005)).

We conclude that substantial evidence supports the BIA's finding that Sandoval has not demonstrated eligibility for withholding of removal because he has not established government acquiescence in the gang members' threats against him. Sandoval testified that he reported gang members' threats against him to the police and that the police took his statement and promised to investigate. Police reports in the record show that the police prosecuted individuals Sandoval arrested for stealing from the supermarket he worked at, and that the police recorded their investigation into Sandoval's complaints about harassment. The record therefore does not compel the conclusion that the El Salvadoran government is unwilling or

unable to control the threats made against Sandoval. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (finding no government acquiescence when police took documents and investigated even though they ultimately failed to identify persecutors).

Substantial evidence also supports the BIA's finding that Sandoval has not established eligibility for relief under CAT because he has not established likelihood of future torture by the gangs if returned to El Salvador. The verbal threats and one beating Sandoval experienced in El Salvador do not compel the conclusion that he was previously tortured. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007); *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). Sandoval's remaining, non-particularized testimony and evidence about gang violence in El Salvador is insufficient to compel a finding that he is likely to be tortured if returned. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018); *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894–95 (9th Cir. 2018); *Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

**PETITION DENIED.**